UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, BALI HAI JV LLC, 3605 GULF DR LLC, 100 73RD LLC, 100 73RD 203A LLC and 100 73RD ST UNIT 202C LLC,

    Plaintiffs,

v.

Case No: 8:22-cv-2472-CEH-JSS

CITY OF HOLMES BEACH,

    Defendant.

_____

# ORDER

This matter comes before the Court on Defendant City of Holmes Beach's Motion to Stay Proceedings during Pendency of Related State Court Litigation (Doc. 21) and Motion for More Definite Statement (Doc. 20), which Plaintiffs oppose (Docs. 26, 27). In this 42 U.S.C. § 1983 action, Plaintiffs Shawn Thomas Kaleta *et al.* allege that Defendant has violated his rights to equal protection and free speech in connection with code enforcement and permit proceedings. Doc. 11.

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion to stay. The Court will grant-in-part the motion for a more definite statement to the extent that certain allegations of the Amended Complaint will be stricken. The motion for a more definite statement is otherwise denied.

## I. BACKGROUND

Plaintiff Shawn Kaleta is a property owner and developer in Manatee County, Florida. Doc. 11 ¶¶ 5, 14. The remaining Plaintiffs are limited liability companies that Kaleta owns, through which he operates hotels and short-term vacation rentals on Anna Maria Island. *Id.* ¶¶ 6-11, 15-16. Plaintiffs allege that Defendant, the City of Holmes Beach, Florida, has implemented what he terms an "Anti-Kaleta Policy," in which it targets Plaintiffs through, *inter alia*, over-regulation and selective or improper enforcement of its municipal code. *Id.* ¶¶ 17-19. While the "Anti-Kaleta Policy" has taken many forms, Plaintiffs allege that in combination it amounts to a deprivation of equal protection under the law as well as unconstitutional retaliation for the exercise of their First Amendment rights. *Id.* ¶¶ 22-23. They identify the exercise of their lawful business practices, prior litigation against the city, and public speech critical of city officials as the actions that motivated the retaliation. *Id.* ¶¶ 18, 76.

Plaintiffs' interactions with Defendant resulted in approximately forty-five state or municipal court actions, including code enforcement appeals and lawsuits pursuant to Florida's Bert Harris Act, which provides a process for landowners to seek relief when their property is affected by government action. *See* Doc. 18. Some of these proceedings are still underway. *Id.*; *see* Doc. 21.

Kaleta first initiated a federal lawsuit in this Court under Case Number 8:21-cv-3025-CEH-TGW, which he voluntarily dismissed on August 17, 2022. Doc. 18 at 2. On October 31, 2022, he and the other Plaintiffs filed the instant action with very

similar allegations.[1] Doc. 1.  Plaintiffs seek damages under 42 U.S.C. § 1983 for the combination of actions they allege make up the "Anti-Kaleta Policy." Doc. 11.  Count I alleges that these actions amounted to a violation of their right to equal protection of law based on a "class of one" theory, while Count II alleges that the same actions constituted First Amendment retaliation. *Id.*

Defendant now moves for a more definite statement and to stay the action pending the full resolution of the state court proceedings. Docs. 20, 21.

## II.     MOTION TO STAY

In its motion to stay, Defendant contends that the instant action concerns factual and legal issues that are the subject of pending legal proceedings involving the same parties in the Twelfth Judicial Circuit Court in and for Manatee County, Florida. Doc. 21.  Defendant identifies a number of code enforcement or permit-related proceedings and appeals between the parties that are pending or have already resolved in Defendant's favor. *Id.*; *see also* Doc. 18.  It asserts that nearly all of the pending matters concern issues raised in the instant action, such as whether a site plan is required to modify the structures or uses on a property or whether a motion to continue a hearing was improperly denied. Doc. 21 at 11.  Therefore, Defendant argues that a stay is appropriate because the resolution of the pending suits "will likely resolve many of the same issues Plaintiffs seek to concurrently litigate before this Court." *Id.* Defendant offers multiple legal grounds for a stay.  First, it contends that the abstention

---

[1] The instant action was transferred to this Court as a successive action pursuant to Local Rule 1.07(a)(1). *See* Doc. 28.

3

doctrine is appropriate because the state actions involve the same parties and substantially the same issues, and the interests of judicial administration favor abstention. *Id.* at 15-17. Moreover, judgments in the pending proceedings may have preclusive effect on this Court's ability to adjudicate the instant action pursuant to the *Rooker-Feldman* doctrine and *res judicata*. *Id.* at 17-20. Finally, Defendant argues that the doctrine of claim-splitting counsels against concurrent adjudication of the instant action. *Id.* at 20-24. Defendant requests that the action be stayed until the complete resolution of all pending state court proceedings. *Id.*

Plaintiffs oppose the motion to stay. Doc. 27. They argue that the outcome of the pending state court cases will have no determinative effect on the instant action, which alleges over-regulation and selective prosecution as a federal constitutional violation. *Id.* at 2, 5-6. Plaintiffs argue that the *Colorado River* abstention doctrine does not apply because the state court proceedings will not eliminate the need for further action; in any event, Defendant cannot meet the high burden of establishing that there is no substantial doubt about whether the two lines of litigation are parallel. *Id.* at 3-4.

   1. ***Colorado River* Doctrine**

As the parties acknowledge, "abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and "only the clearest of justifications merits abstention." *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013), quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 81, 819 (1976). The *Colorado River* doctrine

applies equally whether a district court is asked to abstain, abate, or stay an action in lieu of exercising federal jurisdiction. *See, e.g.*, *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760 (11th Cir. 2018) (applying doctrine in context of stay request rather than abstention); *see also Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (*Colorado River* doctrine test applies when a requested stay "amounts to a complete refusal to exercise jurisdiction"). Under this doctrine, a federal court should abstain if a parallel lawsuit is proceeding in state court and judicial-administration reasons demand abstention. *Jackson-Platts*, 727 F.3d at 1140. First, "if there is any substantial doubt about whether two cases are parallel the court should not abstain." *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 622 (11th Cir. 2012) (citations omitted). Next, even if the proceedings are parallel, abstention is only warranted in exceptional circumstances based upon a six-factor test that applies a presumption toward federal jurisdiction. *Jackson-Platts*, 727 F.3d at 1141.

A parallel state action is one that involves substantially the same parties and substantially the same issues as the federal action. *Id.* Here, there can be no real dispute that the parties in the state court proceedings and the instant action are substantially similar, as they all involve Defendant and various Kaleta business entities. *See Ambrosia Coal and Cost. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (the parties need not be identical). The more difficult question is whether the issues are substantially similar, contrary to Defendant's unsupported assertion that they "undoubtedly" are. Doc. 21 at 15.

There is no "clear test for deciding whether two cases contain substantially similar…issues." *Acosta* 478 F. App'x at 622.  Issues that are substantially similar need not be identical. *Ambrosia*, 368 F.3d 1320 at 1330.  In *Gold-Fogel v. Fogel*, 16 F.4th 790, 801 (11th Cir. 2021), for example, the court found that the issues were substantially similar where the only issue remaining in the federal litigation required the presiding court to answer the same question—the parties' rights and obligations concerning child support—as a significant issue in the state action, notwithstanding that the question arose in the context of different causes of action and that the state court action involved additional issues.

In contrast, the issues were not substantially similar in *Flowers v. Fulton Cnty. School System*, 654 F. App'x 396, 399 (11th Cir. 2016).  Although both actions involved resignations by school employees after the alleged use of coercion and threats, the parties and causes of action in the two proceedings shared only minor similarities. *Id.* As a result, the court found that the plaintiff failed to show that "the state action would have been an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.*, quoting *Colorado River*, 727 F.3d at 1140.  The court emphasized that "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.*, quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *see also Acosta*, 478 F. App'x at 622 (reversing order of abstention where doubt existed as to whether resolution of the state action would decide the federal action); *Center for Biological Diversity v. DeSantis*, 8:21-cv-1521-WFJ-CPT, 2022 WL

899677 (M.D. Fla. March 28, 2022) (Jung, J.) (declining to abstain even though "there is overlap between the issues to be litigated" in the two proceedings because the state cases presented different issues than those presented in the federal case, which was brought pursuant to federal causes of action that were not specifically contemplated in the state cases).

Here, the Court is not convinced that the issues in the state court proceedings are substantially similar to the instant action, because the resolution of the state court proceedings will not resolve the instant action. It is true that some allegations of the Amended Complaint refer in detail to the same subjects as some of the state court proceedings. It is also true that the outcome of those proceedings bears on the success of some of Plaintiffs' allegations in Counts I and II. Specifically, some of the ways in which Plaintiffs allege they were treated differently or retaliated against—such as excluding Plaintiffs' counsel from a code enforcement hearing—are issues that are being litigated in the state court proceedings. *See* Doc. 11 ¶¶ 84, 89-90. But these are not the main issues alleged in the instant case. The crux of Counts I and II alleges selective enforcement: that the municipal codes were applied or enforced in a way that discriminated and retaliated against Plaintiffs. *Id.* ¶¶ 85-86. In this regard, the pending state court proceedings are examples of the *manner* in which Plaintiffs allege their rights were violated, but it is the proceedings' existence rather than their outcome that matters to the selective enforcement allegation. A favorable judgment for Defendant in one or all of them would not resolve the question of whether Defendant selectively enforced the codes Plaintiffs were found to have violated—even though it may resolve

the more limited question of whether Defendant used improper procedures when doing so. The result of the state court proceedings will have only a limited effect on the instant action, and will certainly not be dispositive of its result. *Cf.* Doc. 21 at 16 (arguing the federal claims "could potentially be mooted completely by" the state court). Thus, the Court cannot conclude that "the state action would have been an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Flowers*, 654 F. App'x at 399 (quotation omitted).

Because the threshold requirement of a parallel state action has not been met, the Court need not consider whether exceptional circumstances warrant the application of the abstention doctrine. *Id.* at 399-400. Defendant's motion for a stay under the *Colorado River* doctrine is due to be denied.

2. ***Rooker-Feldman* Doctrine, Claim-Splitting, and *Res Judicata***

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review final state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Res judicata* prevents the re-litigation of issues and claims already decided by a competent court. *Community State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2013). The claim-splitting doctrine prohibits "filing a set of claims based on certain theories, then subsequently filing a second set of claims asserting the same operative facts under different legal theories once the first set of claims have proceeded to judgment." *Moore v. Potter*, 3:04-cv-1057-TJC-HTS, 2006 WL 2092277, *5 (M.D. Fla. July 26, 2006).

Claim-splitting does not apply where the initial suit is brought in a court without jurisdiction over all plaintiff's claims. *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996).

Defendant argues that all three doctrines support staying the instant action because final judgments in state court are imminent, and principles of judicial economy and administration weigh against this Court making legal findings of constitutional wrongdoing based on the same factual and legal arguments that are about to be adjudicated. Doc. 21 at 19-24.

As discussed above, however, the Court does not find that all, or even most, of the issues to be decided in the instant action will also be decided in the state court proceedings. *Cf. Tyson v. School Bd. of Levy Cnty., Fla.*, 1:17-cv-255-MW/GRJ, 2018 WL 10517171 (N.D. Fla. Oct. 24, 2018) (where state court rejected plaintiff's argument that he had not received the required notice for his employment termination, his federal § 1983 claims of deprivation of employment without due process on the very same basis were barred by *res judicata*, *Rooker-Feldman*, and the claim-splitting doctrine). Nor does the Court believe that Plaintiffs could have feasibly raised their federal claims—which encompass a broad array of conduct that Plaintiffs allege constitutes discrimination and retaliation—in state court administrative appeals of code enforcement or permit proceedings.

That said, the Court agrees that the doctrine of *issue* preclusion will likely apply to some of Plaintiffs' allegations once the state court proceedings conclude, such as the allegations that the discrimination or retaliation took the form of procedural errors in

the codes' enforcement. Plaintiffs are cautioned that this Court will neither review nor duplicate judgments that have occurred or are forthcoming on these topics. At this stage, however, Defendant has not demonstrated that any of the above doctrines merits a stay of the action. Defendant's motion for a stay is therefore due to be denied.

### III.   MOTION FOR MORE DEFINITE STATEMENT

Arguing that the Amended Complaint is a shotgun pleading, Defendant also moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Doc. 20. Defendant asserts that it is impossible to understand which and how many claims are being brought, which facts are alleged in support of those claims, or how to respond. *Id.* at 3. It offers four reasons the Amended Complaint is a shotgun pleading: it (i) incorporates all general factual allegations into each count; (ii) makes conclusory and vague allegations that lack factual predicate or legal context; (iii) combines multiple actions and theories of liability into a single count; and (iv) does not clearly distinguish which Plaintiffs are advancing the claims asserted. *Id.* at 12-21.

Responding in opposition, Plaintiffs first argue that Defendant's motion demonstrates its clear understanding of the claims in the Amended Complaint, belying its arguments that the pleading provides inadequate notice. Doc. 26 at 2, 4-6. They also point out that Defendant has not identified any disadvantage it has experienced in discovery because of the alleged deficiencies. *Id.* at 5. Plaintiffs assert they are not required to distinguish factual allegations between counts as long as each count does not incorporate the allegations of the preceding count. *Id.* at 3-4. They further argue that "hyper-detail" is not necessary at the pleading stage, even with respect to

comparators, which are not required in the first place; the Amended Complaint provides sufficient detail on all topics. *Id.* at 5-10. Finally, Plaintiffs contend that their pleading makes clear the relationship between the Plaintiffs and the fact that each count is brought by all of them, even though individual incidents may involve only some. *Id.* at 10-11.

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit has identified four general types of shotgun pleadings:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint ... replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

11

*Burke v. Custom Marine Grp.*, 847 F. App'x 578, 580–81 (11th Cir. 2021), citing *Weiland*, 792 F.3d at 1321-23.

Courts in this Circuit have made clear the dangers of permitting a shotgun pleading to proceed: "Left unchecked, the parties' improper pleadings will complicate appellate review, impede the administration of justice, foster unnecessary expense, and prolong the confusion and complexity of the issues raised by the parties." *zIT Consulting GmbH v. BMC Software, Inc.*, 6:15-cv-1012-RBD-KRS, 2016 WL 231215, *3 (M.D. Fla. Jan. 15, 2016) (overruled on other grounds), citing *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that all may be "lost" if a district court fails to "demand repleader" of shotgun pleading). Rather than answering, a defendant who is faced with a shotgun pleading is expected to move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). *Anderson*, 77 F.3d at 366. Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

First, the Court agrees with Plaintiffs that the Amended Complaint's incorporation of all factual allegations into each count, without distinguishing between which allegations apply to each one, does not make it a shotgun pleading. *Cf.* Doc. 20 at 12-13. The *Weiland* court addressed this topic directly: "Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the

most common type of shotgun pleading. But it is not. … The allegations of each count are not rolled into every successive count on down the line." 792 F.3d at 1324. The relevant question is whether the "failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.*

In this case, the Court does not find that further precision is necessary. Although Defendant has identified various other causes of action that could be supported by the factual allegations, Counts I and II make clear that Plaintiffs are not asserting those claims. *Cf.* Doc. 20 at 13-14. Rather, Plaintiffs are alleging that Defendant discriminated and retaliated against them through a combination of actions that all the prior factual allegations describe. Doc. 11 ¶¶ 82-94. Defendant's own description of the Amended Complaint in its motion demonstrates its understanding that Plaintiffs are bringing only two claims, each of which is based on "the past events detailed in the factual allegations." *See* Doc. 20 at 4-8.[2]

---

[2] Moreover, the Court is not persuaded that the Amended Complaint seems to allege multiple constitutional violations in each count simply because it refers to more than one constitutional amendment. *Cf.* Doc. 20 at 14-15. Because the Fourteenth Amendment incorporates most of the Bill of Rights to the states, it is common to cite to it along with the underlying amendment when alleging a specific Bill of Rights violation by a non-federal actor. *See, e.g.*, *McDonald v. City of Chicago, Ill.*, 561 (U.S. 742) (2010) (discussing incorporation doctrine). And, although Count II's reference to "the right to free speech guaranteed under the First, Fifth, and Fourteenth Amendments," Doc. 11 ¶ 88, could be more precise, the count's allegations make clear that Plaintiffs intend to allege that Defendant retaliated against Plaintiffs' exercise of their right to free speech—under the First and Fourteenth Amendments—in a variety of ways including the deprivation of procedural due process guaranteed by the Fifth and Fourteenth Amendments. Whether Plaintiffs have adequately stated a claim under 42 U.S.C. § 1983 for these counts or will be able to prove their case is a separate question that the Court will not address in connection with a Rule 12(e) motion.

Defendant next argues that the Amended Complaint is replete with conclusory assertions that lack supporting factual allegations, such as the claims that Plaintiffs were deprived of proper notice or prevented from appealing, and the public speech that prompted the alleged retaliation. Doc. 20 at 16-17. Defendant makes a similar argument regarding the requested relief. *Id.* at 18.

With respect to the basis for the alleged retaliation, the Court finds that the Amended Complaint provides adequate notice that the primary motive was Plaintiffs' prior litigation against the city. *See* Doc. 11 ¶¶ 35, 67, 76. Defendant is plainly aware of the past litigation between the parties and does not require further identification to receive adequate notice. *See* Docs. 18, 21. Although the Amended Complaint also refers to retaliation for critical speech that the factual allegations do not make explicit, Doc. 11 ¶¶ 18, 22, 76, further detail is not necessary at this stage and the topic can be explored in discovery. Likewise, the requested relief bears a sufficient relationship to the factual allegations, including statements and actions that Plaintiffs allege town officials made, *id.* ¶¶ 19-20, and allegedly disparate code enforcement, *e.g.*, *id.* ¶ 61, as to provide adequate notice to Defendant for 12(e) purposes.

On the other hand, the Court agrees with Defendant that Plaintiffs have not provided any underlying factual allegations to support their statement that fines were imposed without proper notice or that they were prevented from obtaining meaningful review of code enforcement decisions on appeal. *See id.* ¶¶ 22(c), 84, 89, 90. These allegations appear to be artifacts from the complaint in Kaleta's previous federal lawsuit, which contained detailed underlying factual allegations on these topics. *See*

Case Number 8:21-cv-3025-CEH-TGW, Doc. 1 ¶¶ 55-63.  The Court will therefore strike the unsupported allegations of improper notice and lack of meaningful review on appeal from the Amended Complaint in the instant action.  *See* Doc. 11 ¶¶ 22(c), 84, 89, 90.  To the extent Plaintiffs wish to rely on these alleged actions in support of Counts I or II, Plaintiffs must file a Second Amended Complaint that provides adequate factual allegations to support them.[3]

Next, Defendant contends that Plaintiffs' allegations regarding comparators are insufficient. Doc. 20 at 19-20.  This argument would be properly before the Court in a motion pursuant to Rule 12(b)(6).  Indeed, every case on which Defendant relies involved the question of whether a pleading adequately stated a claim upon which relief could be granted, not whether it must be dismissed as a shotgun pleading.  *See id.*, citing *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007); *Decker v. Citrus Cnty.*, 183 F.Supp.3d 1203, 1205 (M.D. Fla. 2016); *Eisenberg v. City of Miami Beach*, 1 F.Supp.3d 1327, 1342 (S.D. Fla. 2014).  Plaintiffs have identified the names or addresses of other businesses it alleges are comparators as to most of the wrongful conduct it attributes to Defendant.  Considering only the question of whether the Amended Complaint is a shotgun pleading because of the purportedly inadequate comparator allegations, the Court concludes it is not.  It makes no finding as to

---

[3] Defendant points out that at least some allegations of improper notice are already being adjudicated in state court. *See* Doc. 21 at 6.  In considering whether to amend their pleading to add similar allegations to this action, Plaintiffs are reminded that this Court will not review or duplicate the adjudications that occur in the other proceedings. *See* Section II(2), *supra*.

15

whether the allegations would support dismissal under Rule 12(b)(6), as that issue is not before the Court.

Lastly, Defendant argues that the Amended Complaint is a shotgun pleading because it fails to identify which Plaintiff entity is asserting the counts. Doc. 20 at 20-22. On the contrary, the underlying factual allegations adequately describe which Kaleta entity is involved in each alleged incident, all of which, together, form the basis of Counts I and II. The minor discrepancies in the use of the plural or singular in the counts' allegations can be attributed to the fact that one of the Plaintiffs is an individual while the rest are business entities that he owns. It is clear from a common-sense reading of the Amended Complaint that all Plaintiffs are asserting both claims. It therefore provides Defendant adequate notice pursuant to Rule 12(e).

Accordingly, it is **ORDERED**:

1. The Court's Order to Show Cause dated December 22, 2022 (Doc. 22) is **DISCHARGED**.

2. Defendant City of Holmes Beach's Motion to Stay Proceedings during Pendency of Related State Court Litigation (Doc. 21) is **DENIED**.

3. Defendant's Motion for More Definite Statement (Doc. 20) is **GRANTED-IN-PART and DENIED-IN-PART**. The Motion is granted only to the extent that the allegations in the Amended Complaint that Plaintiffs received improper notice of code enforcement fines and were prevented from obtaining meaningful review on appeal (*see* Doc. 11 ¶¶ 22(c), 84, 89, 90) are

**STRICKEN**. To the extent Plaintiffs wish to rely on the stricken provisions in support of Counts I or II, Plaintiffs must file a Second Amended Complaint that provides adequate factual allegations on or before April 17, 2023. The Motion is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties