IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA,
an individual, BALI HAI JV, LLC,
a Florida limited liability company,
3605 GULF DR., LLC, a Florida limited
liability company, 100 73RD, LLC, a Florida
limited liability company, 100 73RD 203A, LLC,
a Florida limited liability company, and
100 73RD ST. UNIT 202C, LLC, a Florida limited
liability company,

                                                                                                                Case No.: 8: 22 cv 02472

      Plaintiffs,

v.

CITY OF HOLMES BEACH,
a Florida municipal corporation,

      Defendant.
_____/

**PLAINTIFF KALETA'S RESPONSE TO CITY'S MOTION TO COMPEL AN ANSWER TO A DEPOSITION QUESTION AND FOR COSTS, INCLUDING ATTORNEY'S FEES, AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Plaintiff, SHAWN THOMAS KALETA, by and through his undersigned counsel, and files his Response to City's Motion to Compel an Answer to a Deposition Question and for Costs, Including Attorney's Fees, and Incorporated Memorandum of Law ("Motion"), (Dkt. #36) and in support thereof, states as follows:

1

### I. Plaintiff Kaleta's objection based upon privilege was entirely appropriate.

The instant motion arises as a result of Mr. Kaleta's counsel's instruction during deposition that Mr. Kaleta not answer the City's question regarding whether Plaintiff has "engaged an expert to assist with damages calculations and analysis in this case." In support, Plaintiff's counsel asserted attorney-client and work-product privilege objections. (Dkt. 33-1, 210:7-9). Plaintiff's counsel voiced an objection based upon work-product and attorney-client since the question was non-specific in its detail about consulting verses testifying expert witnesses. Plaintiff's counsel even sought clarification from City's counsel, who chose not to refine its question, as in:

> **Q.** All right. Have you engaged an expert to assist with damages calculations and analysis in this case?
> **[Plaintiff's Counsel]:** Object to privilege.
> **Q.** So that's yes or no?
> **[Witness]:** Oh. I though I didn't have to answer it.
> **[Plaintiff's Counsel]:** He doesn't have to answer it. Its privileged. Have we –
> **Q.** What's privileged?
> **[Plaintiff's Counsel]:** Have we engaged – attorney-client work product. Have we engaged an expert? That's certainly privileged.
> **Q.** That's certainly privileged?
> **[Plaintiff's Counsel]:** It is. Yes.
> **Q.** Okay.
> **[Plaintiff's Counsel]:** Are you going to ask about testifying witnesses? We don't have a named testifying expert yet.

Dkt. 33-1, 209:23 – 210:15. Since City's question necessarily included information regarding consulting or non-testifying expert witnesses, the objection was entirely proper. Specifically, Fed. R. Civ. P. 26(b)(5) applies to the Plaintiff's assertion of privilege, as in:

> A. Information Withheld. When a party withholds information otherwise discoverable by claiming that information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

In our case, the City incorrectly contends that the information sought at the deposition is not privileged and that the work product privilege is inapplicable because Plainitff is unable to "establish the applicability of the privilege." Motion, p. 4 and 6. This is simply untrue and a ridiculous application of the Rule. The work product privilege protects "information gathered in anticipation of litigation" and "the lawyer's mental impressions, opinions and legal theories." *Civil Construction Technologies, Inc. v. Hanover Insurance Co.*, 2013 WL 1810817, 2013 U.S. Dist. LEXIS 60690, at *6 (M.D. Fla. 2013).

Here, the City's inquiry into whether any *expert* has been retained makes no distinction between consulting and testifying experts, seeks to intrude into communications between Mr. Kaleta and his counsel as well as into counsel's mental

impressions and opinions about how to properly prosecute the instant case. Whether or not a non-testifying expert has been retained, which is not required to be disclosed pursuant to Fed. R. Civ. P. 26 as discussed further below, is, additionally, the subject of counsel's strategy which must not be required to be disclosed absent exceptional circumstances, if at all.

What is abundantly clear from City's question is the City used the word *expert* in it question. It is clearly seeking expert testimony. Their claim regarding a dual-hat witness is spurious since nothing in their question even hints at a dual-hat response. Even if this Court were to apply the reasoning in *Civil Construction*, where an expert had dual hats as a fact witness and as a consulting expert witness, and the questioning party made it abundantly clear that they were seeking *only lay fact testimony* (as opposed to consulting expert opinions), our reasoning would still stand. City did no such refinement in its questioning. The City asked a bad question and then refused to refine it. It is not up to the deponent to render the City's questions meaningful. It is axiomatic that any attempt to gain insight into consulting experts' thoughts or mental impressions, including their very identities, is protected by privilege. *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 501 (10th Cir. 1980) (insulating the discovery of the identity and other collateral information concerning experts consulted informally); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 628 (S.D. Fla. 1977) (there exists "no authority for such

information with regard to experts who were not retained or specially employed");

*See also*, Wright & Miller, Civil § 2033; 4 Moore's Federal Practice para. 26.66(4).

**II. Plaintiff Kaleta's objection as to the identity of any non-testifying expert is supported by the Advisory Notes to Fed. R. Civ. P. 26 and case law interpreting same.**

In its Motion, the City contends that "[w]hether a non-testifying witness has been retained is not information protected by Rule 26 or attorney-client work product privilege." Motion, p. 2. The City further states that it is requesting that the Court "compel Kaleta to answer whether an expert has been retained and provide the expert's name." Motion, p. 6-7. City flatly misstates the law. *Ager* at 501; *Weiner* at 628.

A simple review of the 1970 Advisory Committee's Notes regarding Fed. R. Civ. P. 26(b)(4)(D) (formerly 26(b)(4)(B)) illustrates that the identifying information requested by the City regarding a non-testifying expert is, in fact, exempt from disclosure under Rule 26, as the pertinent portions of the notes state: "a party **may on a proper showing** require the other party to name experts retained or specially employed, but not those informally consulted." *See* 1970 Advisory Committee's Notes on Fed. R. Civ. P. 26. While the 2010 Amendments are silent as to whether the identity of a non-testifying expert continues to be exempted from disclosure, the 2010 Advisory Committee's Notes do not explicitly depart from the 1970 Committee's Notes. *Id*. Instead, the 2010 Advisory Notes adopts the concept

that work-product privilege may be applied to experts and makes no other revisions. *Id*. Further, the 2010 Amendments retained prior Rule 26(b)(4)(B) as Rule 26(b)(4)(D). *Id*. As a result, the 2010 Amendments have no effect on the 1970 Committee's Notes precluding from discovery the identity of a consulting expert absent a showing of exceptional circumstances. *See Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 500-01 (10th Cir. 1980) (Rule 26 precludes discovery of the identity and other collateral information concerning non-testifying experts absent a showing of exceptional circumstances as contemplated in Fed. R. Civ. P. 26(b)(4)(B) [now 26(b)(4)(D)]). The *Ager* court's interpretation of the Advisory Committee's 1970 Notes is further supported by a plain reading of Fed. R. Civ. P. 26(a)(2)(A), which requires that a party disclose "the identity of any witness it may use **at trial** to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(b)(2)(D) ("Ordinarily, a party may not… discover facts known or opinions held by an expert… who is not expected to be called as a witness at trial….").

    **III.** **The City has failed to allege any exceptional circumstances to support disclosure of the requested privileged information.**

The City further claims that it "cannot even begin the analysis of whether such exceptional circumstances exist[]" regarding the subject matter of its deposition question without knowing whether Plaintiffs have retained a non-testifying expert and that expert's name. Motion, p. 5. This ridiculous claim defies logic. The plain

language of Rule 26(b)(4)(D) specifies that a party seeking to obtain information regarding a non-testifying expert "… may do so only … on showing exceptional circumstances under which it is impracticable for the party *to obtain facts or opinions on the same subject by other means*." (emphasis added).

The City's argument in its Motion ignores the emphasized language in the Rule and the text of its unanswered question at Mr. Kaleta's deposition. The City's question, and the subject of its Motion, in Mr. Kaleta's deposition was: "Have you engaged an expert to assist with damages calculations and analysis in this case?" The City now requests that this Court compel the answer to its question so the City can evaluate whether any non-testifying expert may wear two hats, as the was the issue in *Civil Construction*. However, the subject of the City's question was not, as it now claims, whether any non-testifying expert may wear two hats; instead, the subject of the City's question was about damages calculations in connection with Plaintiff's Rule 26 Disclosures. *See* Dkt. 33-1, 209:23-24 and Motion, p. 1 ("…this apparent need did not appear in Plaintiffs' Amended Rule 26 disclosures dated January 23, 2023… so counsel for the City attempted to clarify the matter."). The City now seeks to repurpose its question in a thinly veiled attempt to obtain information it is not entitled to under the Federal Rules and/or is protected by attorney-client, work-product privilege. As a result of the foregoing, the Motion must be denied.

## IV. The Court should consider the frivolousness of the City's Motion.

It is axiomatic that any attempt to gain insight into consulting experts' thoughts or mental impressions, including their very identities, is protected by privilege. *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 501 (10th Cir. 1980) (insulating the discovery of the identity and other collateral information concerning experts consulted informally); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 628 (S.D. Fla. 1977) (there exists "no authority for such information with regard to experts who were not retained or specially employed"); *See also*, Wright & Miller, Civil § 2033; 4 Moore's Federal Practice para. 26.66(4).

The City seems to exercise willful blindness to their own attempt to breach a privilege by asserting that a consulting witness is not actually an expert at all. City's portrayal of authority under *Civil Construction* is especially far-fetched since the facts are so universally distinguishable. In our case, there is no dual-hat expert. City never asked such a question. City never refined its deposition question. City never followed up its question with anything to import the issue. The City made no effort to substantially justify its Motion to Compel by refining its question of by propounding supplemental discovery on the issue. Now, frivolously, City seeks to compel obviously privileged information based on a case having absolutely no factual or legal similarity.

Rule 37 (a) (5) (B) authorizes this Court to require the movant to pay the party or deponent reasonable expenses in defense of a substantially unjustified motion. City has no substance behind its attempt to breach Plaintiff's privilege. This Court should award entitlement to fees and reserve as to amount in the defense of City's Motion to Compel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Middle District Clerk of Court by using the ECF/CM Portal and a true copy was served via the E-filing Portal to all counsel on the attached service list this \_\_\_\_ day of May, 2023.

| | |
|---|---|
| Service List: | Jay Daigneault, Esq. |
| | Florida Bar No. 0025859 |
| | Randy Mora, Esq. |
| | Florida Bar No. 0099895 |
| | Nancy S. Meyer, Esq. |
| | Florida Bar No. 144452 |
| | TRASK DAIGNEAULT, LLP |
| | 1001 S. Ft. Harrison Avenue, Ste 201 |
| | Clearwater, FL 33756 |
| | Telephone: 727-733-0494 |
| | Facsimile: 727-733-2991 |
| | Email: jay@cityattorneys.legal |
| | Email: randy@cityattorneys.legal |
| | Email: nancy@cityattorneys.legal |
| | Sec. Email: jennifer@cityattorneys.legal |

*/s/ Jason M. Miller*
_____
Michelle A. Grantham, Esq.
Florida Bar No. 1010509
Jason M. Miller, Esq.
Florida Bar No. 624551

Najmy Thompson, P.L.
1401 8th Avenue West
Bradenton, FL 34205
Telephone: (941) 748-2216
Facsimile: (941) 748-2218
Email: mgrantham@najmythompson.com
Email: jmiller@najmythompson.com
Secondary Email:
lweaver@najmythompson.com
*Trial Counsel for Plaintiffs*