IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA,
an individual, et al.,

                                                    Case No.: 8: 22 cv 02472

    Plaintiffs,

v.

CITY OF HOLMES BEACH,
a Florida municipal corporation,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF HOLMES BEACH'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, STRIKE PORTIONS OF THE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

      Plaintiffs, SHAWN THOMAS KALETA, BALI HAI JV, LLC, 3605 GULF DR., LLC, 100 73RD, LLC, 100 73RD 203A, LLC, and 100 73RD ST. UNIT 202C, LLC, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 27(A), hereby responds to Defendant City of Holmes Beach's (the "City") Dispositive Motion to Dismiss the Amended Complaint or, in the alternative, Strike Portions of the Amended Complaint and Incorporated Memorandum of Law ("Motion"), and in support thereof states as follows:

1

## I. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A motion to dismiss is designed to test the legal sufficiency of the complaint, **not to determine factual issues**...". *See The Fla. Bar v. Greene*, 926 So.2d 1195, 1199 (Fla. 2006) (emphasis added). In order for a complaint to be deemed plausible, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A court should not grant a motion to dismiss unless "it appears beyond doubt a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957). Moreover, the "threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Henniger v. Pinellas Cnty.*, 7 F.Supp.2d 1334 (M.D. Fla. 1998). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual

allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

II. **Memorandum of Law and Argument**

A. **Equal Protection**

Plaintiff has sufficiently pled an equal protection claim, whether based upon class-of-one or selective enforcement. The Equal Protection Clause provides that "[n]o State shall make or enforce any law which shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, Sec 1. The Supreme Court has explained, "[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the States' jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statue or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (emphasis added). As a result, the Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (citations omitted). Whether others are similarly situated is a question of fact which must be left to the province of the jury. *Griffins Indus., Inc. v. Irvin*, 496 F.3d 1189, 1203-1205 (11th Cir. 2007); *Eggleston v. Bieluch*, 203 F. App'x 257, 264 (11th Cir. 2006).

Where, as here, it is alleged that the government acted with "no conceivable legitimate purpose, a plaintiff need only generally allege he was treated differently from others similarly situated to survive a motion to dismiss. *Geinosky v. Chicago*, 675 F.3d 743, 748 (7th Cir. 2012) (equal protection claim that did not identify comparators was properly pled where it was unlikely that pattern of conduct was a product of random mistakes). While the Eleventh Circuit has generally held that a plaintiff must identify comparators at the pleading stage, *see Campbell v. Rainbow City*, 434 F.3d 1306 (11th Cir. 2006), an exception to this requirement exists. *See Esmail v. Macrane*, 53 F.3d 176 (7th Cir.1995) (plaintiffs who pled an "orchestrated campaign of official harassment directed against [the plaintiff] out of sheer malice," "vindictiveness," or "malignant animosity" states a claim for relief under the Equal Protection Clause).

A plaintiff need not identify comparators where "animus is easily demonstrated[,] but similarly situated individuals are difficult to find." *Swanson v. City of Cheek*, 719 F.3d 780, 784 (7th Cir. 2013). Additionally, to survive a motion to dismiss, identification of comparators is not necessary where the complaint plausibly suggests a constitutional violation, and discovery may lead to further pertinent facts. *Glenwood Halsted LLC v. Glenwood*, 866 F. Supp. 2d 942, 947 (N.D. Ill. 2012) (refusing to dismiss equal protection claim where plaintiff could "not be expected to plead facts about [government's] interactions with third parties without

4

the benefit of discovery"); *see Twombly*, 550 U.S. 556 (to survive a motion to dismiss, complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of claim); *see also Executive 100, Inc. v. Martin Cnty.*, 922 F.2d 1536, 1541 (11th Cir. 1991) (reversing dismissal of equal protection claim where plaintiff generally alleged similarly-situated properties without specific comparators).[1]

Here, Plaintiffs have sufficiently pled facts that, if taken as true, show that the City and its various officials bear ill will and animus towards Plaintiffs. Plaintiffs allege that one or more City officials have: (1) established a group to single out Kaleta-owned properties (Amended Complaint, ¶ 18); (2) stolen construction materials from a Kaleta-owned property (Amended Complaint, ¶ 20); (3) prevented a Kaleta-owned property from serving alcohol at its bar/lounge despite the bar/lounge being an acceptable accessory use at the property (Amended Complaint, ¶ 27 – 42); and (4) prosecuted, via code enforcement proceedings, Kaleta properties for alleged code violations while simultaneously declining to prosecute other similarly-situated property owners for the same violations (Amended Complaint, ¶ 55 – 62). *See Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) (finding

---

[1] Since the decision in *Geinosky*, the Eleventh Circuit has "…not specifically addressed the contention that certain factual scenarios, including actions evincing obvious animus or harassment by a defendant, may not require a plaintiff to identify a comparator to state a claim for unequal treatment at the pleading stage." *Eisenberg v. City of Miami Beach*, 1 F.Supp. 3d 1327, 1341 (Fla. S.D. 2014).

the defendant's animus was "readily obvious" from the fact that the defendant "bore [the plaintiffs] ill will, caused an investigation against [one plaintiff], interrupted meetings of the plaintiffs and building inspectors and angrily informed building inspectors that no permit should be granted"); *see also Fenje v. Feld*, 398 F.3d 620, 628 (7th Cir. 2005) (recognizing a "campaign of official harassment" driven by "malice, vindictiveness, or malignant animosity would state a claim for relief under the Equal Protection Clause") (internal quotation marks and citations omitted). Taking the allegations referenced above as true, it is clear that Plaintiffs have pleaded sufficient facts demonstrating general ill will and animosity on the part of the City toward the Plaintiff.

Even if this Court determines that Plaintiffs must plead comparators, Plaintiffs have satisfied this pleading requirement. *See Eisenberg*, 1 F. Supp. 3d 1342 (finding that in order for "Plaintiffs to state a class of one claim, they need to allege at least one similarly situated comparator."). The City, acknowledging the fact that Plaintiffs have pled comparators, contends that the comparators identified are not prima facia identical in all relevant respects. Motion, p. 10 – 11. However, whether the comparators are *prima facia* identical is a factual, not a pleading, determination and is inappropriate subject matter for a motion to dismiss. *See Griffins*, 496 F.3d at 1203-1205; *see also The Fla. Bar*, 926 So.2d at 1199.

For the reasons set forth more fully above, this Court should find that Count I pleads comparators sufficient to support an Equal Protection claim, whether based upon class-of-one or selective enforcement, and should accordingly deny the City's motion as to Count I.

**B. First Amendment Retaliation**

Plaintiffs have sufficiently pled a First Amendment retaliation claim. To state a retaliation claim, a plaintiff must establish that: (1) "his speech or act was constitutionally protected;" (2) "the defendants' retaliatory conduct adversely affected the protected speech;" and (3) "there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005) (citations omitted); *see also Abella v. Simon*, 522 F. App'x 872, 873 (11th Cir. 2013). The effect on one's freedom of speech "need not be great in order to be actionable," as "there is no justification for harassing people for exercising their constitutional rights." *Bennett*, 423 F.3d 1247 at 1254 (11th Cir. 2005). The City seems to only argue that Plaintiffs cannot meet the second element and that Plaintiffs are subject to, in essence, a heightened pleading requirement for the third element, but in an abundance of caution, Plaintiffs also briefly address the merits of the first and third elements.

As for the first element, the First Amendment "protects the rights of [free] speech and to petition for redress." *Abella*, 522 F. App'x at 873 (citing U.S. Const.

7

amend. I); *United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967)). Plaintiff has sufficiently alleged that he engaged in protected activity by "publicly commenting and filing for redress against the decisions made by the City Commission related to development and vacation rental restrictions…". (Amended Complaint, ¶ 89).

The second element of pleading a First Amendment retaliation claim is that the "defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercising of First Amendment rights." *Bennett*, 423 F.3d at 1254. Courts have held that seemingly minor harassing acts can deter a person or ordinary firmness from engaging in protected activity. *Id.*; *see also Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003) (explaining the retaliatory issuance of parking tickets totaling $35 in less than two months to punish plaintiff for speaking out would be sufficient to chill the speech of a person of ordinary firmness). "The test is an objective one, not subjective." *Garcia*, 348 F.3d at 729. The acts taken against Plaintiffs by City officials, as alleged in the Amended Complaint, are sufficient to satisfy this element.

The third requirement is that a plaintiff must allege a causal connection between the retaliatory action and the adverse effect on speech. *Bennett*, 423 F.3d at 1250. Plaintiff has sufficiently pled a series of events from which "a retaliatory motive can be inferred." *Lippman v. City of Miami*, 719 F. Supp. 2d 1370, 1374

(S.D. Fla. 2010) (footnote call number omitted). To show this causal connection, a plaintiff must allege only that the protected conduct was "a motivating factor behind the defendants' actions." *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008). The protected activity need not be the only motivating factor. *See Id.*; *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 41 (1st Cir. 1992) (a complaint which pled an indication of possible illegal motive was sufficient).

To determine if the protected conduct is a motivating factor, courts rely on the burden-shifting formula set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). However, engaging in this" burden-shifting analysis is not appropriate at the motion to dismiss phase." *Johnson v. Conway*, No. 1:13-CV-0524-RWS, 2013 WL 5493380, at *4 n.3 (N.D. Ga. Sept. 30, 2013); *see generally O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011) (decided on summary judgment); *Smith*, 532 F.3d 1270 (same); *Thaddeus-X,* 175 F.3d 378 (same). Additionally, a determination as to whether a defendant would have taken the same action in the absence of the protected activity is premature when the parties have not conducted discovery. *See Johnson*, 2013 WL 5493380, at *4 n.3 (explaining discovery may reveal whether defendant's conduct conformed with the county jail's general policy). Further, an examination of what the decision-makers knew regarding the protected conduct is not appropriate at this juncture. *See Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1324 (S.D. Fla. 2014).

9

A retaliatory motive can be inferred from the City's misconduct. *See Lippman*, 719 2d. at 1374; *see also Kilpatrick v. United States*, 578 F.Supp.2d 1339, 1348 (N.D.Fla.2008) (finding a retaliatory motive could be inferred because of plaintiff known status). Here, despite Defendant's assertions that Plaintiffs "must plead and prove an absence of probable cause as to the challenged prosecution in order to establish a causal link between the defendant's retaliatory animus and the plaintiff's injury" (Motion, p. 18), this assertion is without merit. Indeed, even a cursory review of those cases cited by the City illustrate that each and every case involves a criminal prosecution, or obtaining a warrant, both of which must be supported by probable cause. Surely, if Defendant's assertions that a showing of a lack of probable cause is required in retaliation claims based on code enforcement proceedings brought not by attorneys in a court of law, but rather by City employees before a magistrate employed by the City, and not based upon a warrant, Defendant undoubtedly would have cited case law to that effect. Additionally, it is revealing that, in its discussion regarding probable cause, Defendant refers to the code enforcement issues raised in Plaintiffs' Amended Complaint as "proceedings," not "prosecutions" or "lawsuits" because they are, in fact, neither. *See* Motion, p. 19.

For the reasons stated above, this Court should find that Count II sufficiently pleads a First Amendment retaliation claim and should accordingly deny the City's motion as to Count II.

## C. Failure to Join Indispensable Parties

On a motion to dismiss for failure to join an indispensable party, courts must ask: (1) whether the party is indispensable under Federal Rule of Civil Procedure 19(a); and (2) if they are indispensable but cannot be joined, whether the case should continue. *See Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). A party is indispensable if: (1) the court cannot accord complete relief in their absence; or (2) the party has an interest in the case such that their absence would subject an existing party to the risk of inconsistent obligations." *Travelers Cas. & Sur. Co. of Am. v. Bergen*, 2021 WL 7448134 at *4 (M.D. Fla., Dec. 15, 2021).

Here, the Court can accord complete relief in the absence of the parties Defendant argues should be joined. The crux of Plaintiff's allegations is that if Kaleta were not an owner of the properties discussed within the Amended Complaint that none of the constitutional violations complained of therein would have occurred. More specifically, it is the <u>personal</u> animosity held by various City officials towards Kaleta that is alleged to be the motive for the City's actions complained of; it is solely Plaintiff's involvement in those properties which is the basis for the asserted constitutional violations. It is Kaleta individually who has suffered, and continues to suffer, the injuries for which the Amended Complaint requests relief. Consequently, complete relief can be granted in the absence of the parties the City seeks to join –

if the City is required to halt their ongoing violations of Plaintiff's constitutional rights, any resulting effect that those constitutional violations had on the parties Defendant argues should be joined would be cured. Clearly, the parties that Defendant argues should be joined are aware of the action, and by virtue of their non-inclusion as plaintiffs herein, have not claimed an interest in the action. Therefore, their joinder is unnecessary. *See Bachtel v. Barker*, 2016 U.S. Dist. LEXIS 190413 at *5 (S.D. Fla., June 14, 2016) ("Because the Prospective Defendants have not claimed an interest in the action, despite being aware of the action, their joinder is unnecessary. *See U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (holding joinder of absent party unnecessary because party was aware of the action and chose not to claim an interest); *School Dist. of City of Pontiac v. Secretary of U.S. Dept. of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009) ("[I]t would turn Rule 19 analysis on its head to argue that the States' interests are now impaired because they declined to participate in this much-publicized case."); *HDR Engineering, Inc. v. R.C.T Engineering, Inc.,* 2010 WL 2402908, at *4 (S.D. Fla. June 15, 2010) ("[C]ourts are reluctant to join a nonparty for the purpose of protecting that nonparty's interests when the nonparty itself has not claimed an interest in the outcome of a suit.")." "[T]he Plaintiff is the master of its own claim." *Helix Inv. Mgmt., L.P. v. Privilege Direct Corp.,* 364 F. Supp. 3d 1343, 1352 (M.D. Fla., March 5, 2019).

Defendant claims the failure to join Beach to Bay Investments and "any other Kaleta business entity purportedly subject to or damaged by" the Anti-Kaleta policy may expose the City to the risk of incurring double, multiple, or otherwise inconsistent obligations if the requested parties are not joined. Motion, p. 22. It is also important to note that the basis utilized by the City to attempt to join Beach to Bay Investments is flawed: the City claims Beach to Bay Investments must be joined as an indispensable party because "Kaleta testified [he] has suffered $1,000,000.00 in damages based on the City's alleged unlawful conduct." Motion, p. 22. However, the City neglects to inform this Court that Mr. Kaleta's deposition testimony went on to reveal that Mr. Kaleta was not sure what business was utilized to come to that damage calculation. (Dkt. 33-1, p. 221:6-11).[2]

For the foregoing reasons, this Court should find that no additional parties need to be joined to accord complete relief and should accordingly deny the City's motion as to this issue.

**D. Motion to Strike**

The City contends that this Court does not have the power to order equitable relief in the form of an apology, and cites to three clearly distinguishable cases in

---

[2] Q: And so you based - - I'm sorry. You based [the $1 million damages figure] on the valuation for Beach to Bay Investments?
A: I don't know what business we tied it to, not off the top of my head. Whether it was these individual assets or - - no. I think it - - I don't know exactly which ones we tied it to.

13

support of its position. In *Garcia v. Cameron*, 2010 WL 5477765 at *13 (M.D. Fla., Dec. 30, 2010), the court opined that it did not "have the power to mandate jail officials to provide Plaintiff with an oral or public apology" because the case did not involve 28 U.S.C. §1361; however, the facts of the *Garcia* case were strikingly different than the instant case. Similarly, in *Woodruff v. Ohman*, 29 Fed. Appx. 337, 346 (6th Cir. 2002), the court acknowledged that courts have "broad and flexible equitable powers to fashion a remedy that will fully correct past wrongs, … that authority is limited by the authority or purpose to which the equitable power is exercised." The *Woodruff* court ultimately determined that the lower court abused its discretion in ordering an apology, acknowledging that "[i]n the specific context of gender discrimination and retaliation, an apology will little serve the purposes of Title VII. **The apology will not provide any remedy to Woodruff for which the damages imposed have not already accounted**." *Id*. (emphasis added).

In the instant case, unlike in those cases cited by the City, Plaintiffs request equitable relief in the form of an apology because it is the City's insistence on portraying Plaintiff Kalet and the Plaintiff companies as bad actors that have caused Plaintiffs damages. Plaintiffs' request for an apology (or other affirmative corrective measures) would be ordered to undo the damage done to Plaintiffs' reputation as alleged in the Amended Complaint. Unlike in *Woodruff*, here, the requested apology

*will provide* Plaintiff a remedy in excess of those requested monetary damages and will serve to rehabilitate Plaintiffs' reputation.

Plaintiffs acknowledge that the Court has already stricken certain paragraphs of Plaintiffs' Amended Complaint, the requested relief that the City be ordered to provide Plaintiffs proper notice, cease false and slanderous public statements, and to record future code enforcement proceedings are all related to Plaintiffs' allegations contained within the Amended Complaint. *See also* Dkt. 30, Order, p. 30, fn. 2 (the allegations in Count II "make clear that Plaintiffs intend to allege that Defendant retaliated against Plaintiffs' exercise of their right to free speech – under the First and Fourteenth Amendments – in a variety of ways including the deprivation of procedural due process guaranteed by the Fifth and Fourteenth Amendments.")

### III. Conclusion

Wherefore, Plaintiff respectfully requests that this Honorable Court **DENY** Defendant's Motion to Dismiss and, in the alternative, Motion to Strike for the reasons stated herein, direct Defendant to file an answer to the Complaint within fourteen (14) days, and grant Plaintiff such other and further relief as the Court deems just and proper. In the event the Court determines that Plaintiff's Complaint is insufficient, Plaintiff respectfully requests that it be provided with an opportunity to amend within fourteen (14) days of the Court's order on this matter.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the foregoing was electronically filed with the Middle District Clerk of Court by using the ECF/CM Portal and a true copy was served via the E-filing Portal to all counsel on the attached service list this 19th day of May 2023.

Service List:

Jay Daigneault, Esq.
Florida Bar No. 0025859
Randy Mora, Esq.
Florida Bar No. 0099895
Nancy S. Meyer, Esq.
Florida Bar No. 144452
TRASK DAIGNEAULT, LLP
1001 S. Ft. Harrison Avenue, Ste 201
Clearwater, FL 33756
Telephone: 727-733-0494
Facsimile: 727-733-2991
Email: jay@cityattorneys.legal
Email: randy@cityattorneys.legal
Email: nancy@cityattorneys.legal
Sec. Email: jennifer@cityattorneys.legal


*/s/ Michelle A. Grantham*

_____
Michelle A. Grantham, Esq.
Florida Bar No. 1010509
Jason M. Miller, Esq.
Florida Bar No. 624551
Najmy Thompson, P.L.
1401 8th Avenue West
Bradenton, FL 34205
Telephone: (941) 748-2216
Facsimile: (941) 748-2218
Email: mgrantham@najmythompson.com
Email: jmiller@najmythompson.com
Secondary Email:
lweaver@najmythompson.com
*Trial Counsel for Plaintiffs*