# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAWN THOMAS KALETA, BALI HAI JV LLC, 3605 GULF DR LLC, 100 73RD LLC, 100 73RD 203A LLC and 100 73RD ST UNIT 202C LLC,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No: 8:22-cv-2472-CEH-JSS

CITY OF HOLMES BEACH,

    Defendant.
_____

## ORDER

This cause comes before the Court on Defendant City of Holmes Beach's Motion to Dismiss or Strike (Doc. 35). Plaintiffs have responded in opposition (Doc. 43). Upon review and consideration, the Court will deny the motion to dismiss or strike because it is a successive motion under Rule 12(g).

## DISCUSSION

In this civil rights action, Plaintiffs allege that Defendant violated their rights to equal protection and free speech in connection with code enforcement and permit proceedings. Defendant filed a timely motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), arguing that the Amended Complaint is a shotgun pleading. Doc. 20. The Court issued an Order on April 3, 2023, that granted-in-part and denied-in-part the motion. Doc. 30. The Court disagreed that the Amended Complaint was a shotgun pleading, finding that it provided adequate notice

to Defendant for the purpose of Rule 12(e). *Id.* at 12-17. In the course of this finding, the Court observed that at least one of Defendant's arguments would be better suited to a motion for failure to state a claim under Rule 12(b)(6) than a motion under Rule 12(e). However, the Court granted the motion to the extent that it struck four conclusory allegations that lacked any factual support. *Id.* at 14-15. The Court directed Plaintiffs to file a Second Amended Complaint with the proper support if they intended to rely on those allegations. *Id.* Plaintiffs' opportunity to file a Second Amended Complaint expired on April 17, 2023.

On April 28, 2023, Defendant filed the current motion to dismiss. Doc. 35. In the motion, Defendant moves: 1) to dismiss Counts I and II of the Amended Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6); 2) to dismiss the action for failure to join essential parties under Rule 12(b)(7); and 3) in the alternative, to strike certain prayers for relief under Rule 12(f).

Federal Rule of Civil Procedure 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The rule provides two exceptions. First, a party never waives the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Second, a party is permitted to raise the defenses of failure to state a claim upon which relief can be granted or to join a required party: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial. *Id.* 12(h)(2).

Here, Defendant made a motion under Rule 12 when it moved for a more definite statement.  Defendant did not move to dismiss under Rule 12(b)(6) or 12(b)(7) or to strike under Rule 12(f) in its first motion.  It now makes a second Rule 12 motion.  However, it has failed to show that the defenses it attempts to raise in the new motion were unavailable to it in its first motion—particularly as the Court determined that the Amended Complaint provided adequate notice regarding the Plaintiffs' claims,[1] and Defendant even raised some of the same issues through its motion for a more definite statement.

Under Rule 12(g), Defendant is not permitted to make a successive Rule 12 motion raising defenses it chose not to raise in the first. *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss") (overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)); *see also, e.g., Ardagh Metal Packaging USA Corp. v. Vital Pharmaceuticals, Inc.*, No. 22-60835-CIV, 2022 WL 3681922, *1 (S.D. Fla. July 25, 2022) (party waived its motion to strike by failing to raise the argument in its prior motion to dismiss); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755, 2012 WL 12969677, *1 (M.D. Fla. Aug. 9, 2012) (denying successive motion to dismiss under

---

[1] *See Tecnoglass, LLC v. RC Home Showcase, Inc.*, No. 16-24328-Civ, 2017 WL 4481169, *2-3 (S.D. Fla. Oct. 6, 2017) (denying motion under 12(g), and noting that a party is not authorized "to assert a defense it neglected to include in a previous Rule 12[] motion based upon the mistaken belief that the court would take certain actions that ultimately it did not.").

Rule 12(g) because defenses were available at time of previous motion); *Cal. Int'l Chemical Co. v. Neptune Pool Service, Inc.*, 770 F.Supp.1530, 1532 (M.D. Fla. 1991) (denying motion for more definite statement that was filed after a motion to dismiss under Rule 12(g)).

The defenses Defendant primarily raises in its second Rule 12 motion—the failure to state a claim and the failure to join an essential party—fall under the exception described in Rule 12(h)(2), which means that they have not been waived by Defendant's failure to raise them in its previous motion. However, Rule 12(h)(2) does not provide for a second Rule 12 motion even to raise those defenses. Rather, it states that a party may raise those defenses in a pleading, at trial, or in a motion pursuant to Rule 12(c), which is a motion for judgment on the pleadings. *See Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, *2 (S.D. Fla. March 21, 2011) (finding Rule 12(h) does not allow the filing of multiple motions to dismiss). Thus, to the extent Defendant wishes to raise these defenses, it may choose one of the options listed in Rule 12(h)(2).

Defendant's motion to dismiss is a successive motion that is barred by Rule 12(g). Further, the Court declines to *sua sponte* treat it as a motion for judgment on the pleadings, because Defendant has not yet answered the Amended Complaint. *See Silver Creek Farms, LLC v. Fullington*, No. 16-80353-CIV, 2017 WL 8890666, *3-4 (S.D. Fla. May 8, 2017) (denying motion to dismiss as a successive motion under Rule 12(g) and declining to treat it as a motion for judgment on the pleadings). Defendant's motion

is therefore due to be denied, and Defendant is directed to answer the Amended Complaint.

Accordingly, it is **ORDERED**:

1. Defendant City of Holmes Beach's Motion to Dismiss or Strike (Doc. 35) is **DENIED**.

2. Defendant is directed to file a responsive pleading to the Amended Complaint within **FOURTEEN (14) DAYS**.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties