UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, BALI HAI JV LLC, 3605 GULF DR LLC, 100 73RD LLC, 100 73RD 203A LLC and 100 73RD ST UNIT 202C LLC,

    Plaintiffs,

v.                                            Case No: 8:22-cv-2472-CEH-JSS

CITY OF HOLMES BEACH,

    Defendant.
_____/

## ORDER

Defendant moves to compel Plaintiff Shawn Kaleta to answer deposition questions regarding Plaintiffs' engagement of experts to assist with damages calculations and analysis in this matter and for costs. (Motion, Dkt. 36.) Plaintiffs oppose the Motion and seek to recover their costs and attorneys' fees in opposing the Motion. (Dkt. 41.) The court held a hearing on the Motion on June 13, 2023. (Dkt. 45.) Upon consideration, Defendant's Motion is granted in part.

## BACKGROUND

Plaintiffs' Amended Complaint asserts two counts against Defendant City of Holmes Beach seeking declaratory and injunctive relief and damages arising from alleged violations of Plaintiffs' Constitutional rights. (Dkt. 11.) Plaintiffs are Shawn Kaleta, an individual who owns and develops property within Holmes Beach and

elsewhere, and five limited liability companies through which Kaleta owns property. (*Id.* ¶¶ 5–15.) Plaintiffs allege that in retaliation for their exercise of lawful business practices and free speech, Defendant has engaged in an "Anti-Kaleta Policy" since 2012 by targeting Kaleta and his properties. (*Id.* ¶¶ 17–23.)

In their initial disclosures dated December 23, 2022, Plaintiffs explained that "[t]here exists a need for an expert(s) regarding damages calculations, which Plaintiff is in the process of engaging." (Dkt. 36-1 at 16.) On January 23, 2023, Plaintiffs amended their initial disclosures to include additional detail regarding their computation of damages. (Dkt. 33-1 at 277–79.) Plaintiffs' amended disclosures did not include the statement regarding the need to engage an expert. (*Id.*)

Defendant deposed Kaleta on February 6, 2023. (Dkt. 36 at 2.) During the deposition, Kaleta was asked the following questions and counsel had the following exchange concerning the engagement of an expert:

> **Q**: Have you engaged an expert to assist with damages calculations and analysis in this case?
>
> **A**: **[by Plaintiffs' Counsel]**: Object to privilege.
>
> **Q**: So, that's yes or no?
>
> **A**: **[by Witness]**: Oh. I thought I didn't have to answer it.
>
> **A**: **[by Plaintiffs' Counsel]**: He doesn't have to answer it. It's privileged. Have we –
>
> **Q**: What's privileged?
>
> **A**: **[by Plaintiffs' Counsel]**: Have we engaged – attorney-client work product. Have we engaged an expert? That's certainly privileged.
>
> **Q**: That's certainly privileged?
>
> **A**: **[by Plaintiffs' Counsel]**: It is. Yes.

> **Q**: Okay.
>
> **A**: **[by Plaintiffs' Counsel]**: Are you going to ask about testifying witnesses? We don't have a named testifying expert yet.

(*Id.*; Dkt. 41 at 2; Dkt. 33-1 at 210–11.)

In the Motion, Defendant seeks to compel Kaleta's response to these questions, and, as clarified by counsel at the hearing, seeks an answer concerning whether Plaintiffs have engaged any experts to assist in damages calculations and analysis in this matter, and if so, the names of those experts.[1] (Dkt. 36.) Plaintiffs argue that the information sought, including the identity of any non-testifying expert, is protected from disclosure by the work-product doctrine, Federal Rule of Civil Procedure 26, and the attorney-client privilege. (Dkt. 41.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 26(b) "grants the district court broad authority to control the scope of discovery." *Cagle v. United States*, 738 F. App'x 633, 636 (11th Cir. 2018). The court's discretion in managing pretrial discovery matters includes ruling on the applicability of the attorney-client privilege and the work-product doctrine. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013) (citing *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001)).

A party may generally discover relevant evidence that is proportional to the needs of the case unless the opposing party meets its burden of establishing that a

---

[1] Defendant's counsel stated at the hearing that if the Motion is granted, it would serve interrogatories to Plaintiffs seeking answers to these questions.

privilege or the work-product doctrine exempts the evidence from discovery. *Id.* at 1189 (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)); *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003); *see* Fed. R. Civ. P. 26(b)(1). During a deposition, "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate or limit the deposition] under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). A party withholding discoverable information by claiming that the information is privileged or subject to work-product protections must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

## ANALYSIS

The parties dispute whether the identity of Plaintiffs' non-testifying expert is protected from disclosure by the work-product doctrine, Federal Rule of Civil Procedure 26, and the attorney-client privilege. The court addresses each argument below.

### 1. Federal Rule of Civil Procedure 26(b)(4)(D) and the Attorney Work-Product Doctrine

The work-product doctrine, recognized by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947), is codified in Federal Rule of Civil Procedure 26(b). *See Hinchee*, 741 F.3d at 1189. Under the work-product doctrine, "a party may

- 4 -

not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); *see Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015) ("Such 'work product' is reflected in 'interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[.]'") (quoting *Hickman*, 329 U.S. at 511). Rule 26(b)(4) extends work-product protections to certain expert information depending on the type of expert at issue. *See Hinchee*, 741 F.3d at 1190. If the court permits discovery into materials protected by the work-product doctrine, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Plaintiffs maintain that the identity of any non-testifying expert is protected from disclosure by the attorney work-product doctrine and Federal Rule of Civil Procedure 26(b)(4)(D).[2] (Dkt. 41 at 5–6.) Defendant responds that the applicable rule does not shield the identity of a retained, non-testifying expert. According to Defendant, Rule 26(b)(4)(D) specifically protects the facts known and opinions held by retained, non-testifying experts, but not their identity. (Dkt. 36 at 4.)

---

[2] Federal Rule of Civil Procedure 26(b)(4)(D) is a renumbered version of former Rule 26(b)(4)(B). Fed. R. Civ. P. 26(b)(4), advisory committee's notes to 2010 amendment. The text of the rule did not change with the 2010 amendment.

Neither party has cited binding Eleventh Circuit authority discussing this issue. When interpreting the Federal Rules of Civil Procedure, the Eleventh Circuit looks to the text and structure of the rule, as well as the drafters' intent as reflected in the Advisory Committee Notes. *See Hinchee*, 741 F.3d at 1190–91 (affirming district court's order compelling discovery where "text, structure, and background of Rule 26" as explained in the Advisory Committee Notes suggest that the information was not protected from disclosure); *see also Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020) (applying traditional tools of statutory construction to the Federal Rules of Civil Procedure and giving the rules "their plain meaning") (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991)); *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 285 (11th Cir. 2009) ("we must abide by the plain text and meaning of the Rule").

Rule 26(b)(4)(D) sets forth the discovery limits applicable to non-testifying, retained experts and provides that discovery of such experts' opinions and knowledge of facts is ordinarily prohibited. The rule specifically provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i)     as provided in Rule 35(b); or
> (ii)    on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). The two exceptions to the rule prohibiting the discovery of retained, non-testifying experts' facts and opinions apply to medical opinions generated pursuant to Rule 35 and upon a showing of "exceptional circumstances" warranting the disclosure of the information. *Id.* The Advisory Committee Notes clarify that this section relates to experts retained or specially consulted for trial preparation. Fed. R. Civ. P. 26(b)(4), advisory committee's notes to 1970 amendment. The Advisory Committee Notes continue that "[a]s an ancillary procedure, a party may on a *proper showing* require the other party to name experts retained or specially employed . . . ." *Id.* (emphasis added). Neither the text of the rule nor the Advisory Committee Notes address the "proper showing" necessary for a party to discover the identity of experts retained or specially employed. Therefore, "[a] threshold question is whether the rule forbids routine discovery even of the identity of consulting experts absent exceptional circumstances[.]" C. Wright, A. Miller, & R. Marcus, 8A Fed. Prac. & Proc. Civ. § 2032 (3d ed. 2023).

Upon consideration, the court finds that the identity of any non-testifying expert Plaintiffs may have retained or specially employed is not protected by Rule 26(b)(4)(D) and is discoverable subject to the provisions of Rule 26(b)(1). The court is bound by the text of the rule and may not supply absent provisions. *Mamani v. Berzain*, 825 F.3d 1304, 1310 (11th Cir. 2016) (Discussing the canon of *casus omissus* and explaining that the court may not "add words to the law to produce what is thought to be a desirable result. That is Congress's province. We construe [the statute's] silence as exactly that:

silence.") (quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015)). The court may not "add or subtract words" from the rule, and as written, the protections of Rule 26(b)(4)(D) extend only to the retained, non-testifying expert's "facts known or opinions held," but not to their identities.  *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) ("This absence of legislative language restricts our interpretation, as we are 'not allowed to add or subtract words from a statute.'") (quoting *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.,* 570 F.3d 1210, 1224 (11th Cir. 2009)); *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 94 (2012) ("The absent provision cannot be supplied by the courts.  What the legislature 'would have wanted' it did not provide, and that is an end of the matter.") (internal footnote omitted).

In the absence of binding authority from the Eleventh Circuit, the court may also look to decisions from other Circuit Courts of Appeal as persuasive authority.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (noting that in the absence of binding precedent in the Eleventh Circuit, "we consider decisions from other circuits as persuasive authority").  There appears to be a split in authority regarding whether the identities of non-testifying experts that are "retained or specially employed" are protected from disclosure by Rule 26(b)(4)(D).  *See, e.g.*, *In re Welding Fume Prod. Liab. Litig.*, 534 F. Supp. 2d 761, 767 (N.D. Ohio 2008) (noting the split in authority on this issue and collecting cases); *Manzo v. Stanley Black & Decker Inc.*, No. CV 13-3963 JFB SIL, 2015 WL 136011, at *2 (E.D.N.Y. Jan. 9, 2015) (same).

Plaintiffs rely on the Tenth Circuit's decision in *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses* to argue that the identities of non-testifying, retained experts are protected from disclosure by Rule 26(b)(4)(D). 622 F.2d 496 (10th Cir. 1980). In *Ager*, the Tenth Circuit held that the "proper showing" required to obtain the identity of retained, non-testifying experts is a showing of exceptional circumstances, the same showing required to obtain their facts and opinions. *Id.* at 503. The Tenth Circuit noted "several policy considerations" supporting its holding, including that disclosure of the expert's identity would subvert the protective provisions of the rule, that disclosure would "lessen the number of candid opinions available" by subjecting the experts to the threat of litigation, and that an opposing party may seek to use a non-testifying expert to its advantage either by compelling their testimony or compelling an opponent's testimony as to why the expert was not called as a witness. *Id.* Some district courts have followed the Tenth Circuit's opinion, leading one treatise to describe *Ager*'s approach as "predominant among courts." 8A Fed. Prac. & Proc. Civ. § 2032; *see Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, No. 6:04-cv-1838-Orl-22, 2006 WL 1733857, at *3 (M.D. Fla. June 20, 2006) ("Identification of non-testifying experts is subject to the same standard as discovery of their opinions."); *Martensen v. Koch*, 301 F.R.D. 562, 584 (D. Colo. 2014) ("Plaintiff's motion to compel does not make any showing of exceptional circumstances, or provide any persuasive rationale for departing from the Tenth Circuit's decision in *Ager*."); *Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 CIV. 1559 RWS, 2015 WL 4597546, at *2 (S.D.N.Y. July 30, 2015) ("This

Court concludes a non-testifying expert's identity is protected from discovery absent a showing of exceptional circumstances.").

In contrast, the Ninth Circuit has concluded that Rule 26(b)(4)(D) does "not prevent disclosure of the identity of a nontestifying expert, but only 'facts known or opinions held' by such an expert." *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012); *see also Baki v. B.F. Diamond Constr. Co.*, 71 F.R.D. 179, 182 (D. Md. 1976) (concluding that the identities of retained non-testifying experts "may be obtained through properly framed interrogatories without any special showing of exceptional circumstances"). Courts following this approach hold that the identity of non-testifying experts that have been retained or specially employed may be obtained through a proper showing of discoverability pursuant to Rule 26(b)(1). *See, e.g.*, *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-cv-00449-DCN, 2019 WL 2745730, at *11 (D. Idaho July 1, 2019) ("To be sure, even knowing the identity of a particular expert may provide some context, content, or insight into the other side's strategy, but the simple fact remains: Rule 26 does not protect identity, but only 'mental impressions, conclusions, opinions, or legal theories.'"); *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, No. CV 13-2108-RGA, 2016 WL 720977, at *5 n.10 (D. Del. Feb. 23, 2016) ("District courts in the Third Circuit, however, have generally embraced the view of *Baki,* and held that the 'disclosure of [an] expert's identity . . . is not subject to a heightened showing of 'exceptional circumstances.'"); *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340 BHS, 2019 WL 2869169, at *2 (W.D. Wash. July 3,

2019) (rejecting argument that "requiring disclosure of non-testifying consultants violates attorney-client privilege"); *Convolve, Inc. v. Compaq Comput. Corp.*, No. 00CIV.5141 (GBD)(JCF), 2004 WL 1944834, at *1 (S.D.N.Y. Sept. 1, 2004) ("the identity of nontestifying experts is not exempt from disclosure"). Indeed, recent cases analyzing Rule 26 have found that "[a]lthough some cases characterize *Ager* as setting out 'the predominant view,' it is clear that there is a split in authority." *In re Welding Fume Prod. Liab. Litig.*, 534 F. Supp. 2d at 767 ("Ultimately, the Court need not decide whether the rule set out in *Baki* or in *Ager* should control in this case, though it finds the rationale of the former to have greater general appeal."); *see also Manzo*, 2015 WL 136011, at *2 ("Although the case law is not entirely uniform, the majority of courts hold that the identities of non-testifying experts, as opposed the 'facts known or opinions held' by such experts, is governed by Fed. R. Civ. P. 26(b)(1)" and is "discoverable without a showing of 'exceptional circumstances.'").

The court agrees with the cases that adhere to the text of Rule 26(b)(4)(D). *See* 6 Moore's Federal Practice § 26.80[2] (3d ed. 2020) ("On policy grounds, requiring a showing of exceptional circumstances may be preferable, but Rule 26(b)(4)(D) protects only 'facts known or opinions held by' a consulting expert, and that does not extend to the consulting expert's identity."). Other courts within the Eleventh Circuit have followed this approach. For example, in *Solidda Grp., S.A. v. Sharp Elecs. Corp.*, No. 1224469-CIV, 2013 WL 12091057 (S.D. Fla. Mar. 19, 2013), the defendant sought to obtain discovery including the identity of a consultant who facilitated a settlement

agreement in a previous litigation. *Id.* at *1. Plaintiff argued that the consultant wore numerous hats, including as an expert and attorney, and objected on grounds that the information sought was protected by the attorney-client privilege, work-product doctrine, and Federal Rules of Civil Procedure 26(b)(3)(A) and (b)(4)(D). *Id.* at *6–8. The court overruled each objection and held "[e]ven if [Plaintiff's] consultant should be afforded the status of expert (as well as attorney and consultant) for purposes of Rule 26(b)(4), his or her <u>identity</u> would not be protected from disclosure by the rule." *Id.* at *7. The court reached a similar conclusion in *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 628 (S.D. Fla. 1977) (compelling disclosure of information for "those experts who will not be called at trial but who have been retained by plaintiffs"). Additionally, while not deciding the issue, other decisions from the Southern District of Florida have acknowledged the split in authority and recognized that several courts had "concluded that the identity of a non-testifying expert is not automatically off limits[.]" *Wreal LLC v. Amazon.Com, Inc.*, No. 14-21385-CIV, 2014 WL 7273852, at *4 (S.D. Fla. Dec. 19, 2014) ("Not only have several courts concluded that the identity of a non-testifying expert is not automatically off limits, but a very recent article in the ABA's Litigation News, entitled 'Your Opponent Can Discover Your Experts,' noted the case law permitting the discovery[.]"); *see also Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 10667097, at *3 (S.D. Fla. Apr. 20, 2009) (compelling disclosure of the identity of one consulting expert where defendant demonstrated relevance and

exceptional circumstances while not deciding the "proper showing required to obtain the identity of a retained consulting, non-testifying expert").

Further, requiring "exceptional circumstances" to discover the identity of Plaintiffs' retained or specially employed expert, if any, is not warranted here because disclosure presents little risk of exposing counsel's mental impressions, conclusions, opinions, or legal theories.  Under the work-product doctrine, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).  Although Plaintiffs argue that asking whether they engaged an expert to assist in damages calculations "seeks to intrude . . . into counsel's mental impressions and opinions about how to properly prosecute the instant case" (Dkt. 41 at 3–4), Plaintiffs themselves have already disclosed this strategy and the potential existence of the expert in their initial disclosures, where they stated "[t]here exists a need for an expert(s) regarding damages calculations, which Plaintiff is in the process of engaging."  *See* (Dkt. 36-1 at 16.)  Additionally, disclosure of the expert's identity, would not undermine the protections afforded to the expert's "facts known or opinions held" by Rule 26(b)(4)(D).  Thus, there is little to no risk of intrusion into Plaintiffs' strategy or the mental impressions of Plaintiffs' counsel by Defendant's limited questioning concerning a retained, non-testifying expert's identity.  *Compare Solidda Grp., S.A.*, 2013 WL 12091057 (finding no protection where interrogatories targeted a non-testifying expert whose existence was known to both parties, but whose identity

was withheld) *with Liveperson, Inc.*, 2015 WL 4597546, at *2 (rejecting blanket provision in proposed protective order that would require disclosure of all non-testifying experts that will be granted access to highly confidential data); *see also Benevis, LLC v. Mauze & Bagby, PLLC*, No. 5:12-cv-36, 2015 WL 12763537, at *17–18 (S.D. Tex. Dec. 14, 2015) (compelling disclosure of consulting expert's identity as not protected by Rule 26(b)(4)(D) where plaintiffs "seek the identity of a single individual, who knows of relevant matters" rather than broadly seeking "the identities of all persons interviewed during [an] investigation").

Accordingly, based on the text, structure, and background of Rule 26(b)(4)(D), guidance from the Eleventh Circuit, and the case law interpreting the rule's provisions, the court concludes that the identity of any non-testifying expert that Plaintiffs employed or specially retained to assist in damages calculations and analysis in this matter is discoverable subject to the provisions of Rule 26(b)(1).  *See, e.g.*, *Weiner*, 76 F.R.D. at 628; *Ibrahim*, 669 F.3d at 999; *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 440, 442 (D.N.J. 2007) ("disclosure of the expert's identity in this case is not subject to a heightened showing of 'exceptional circumstances'").

### 2. Federal Rule of Civil Procedure 26(b)(1) and the Attorney-Client Privilege

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Upon consideration, the court finds that in light of Plaintiffs' initial disclosures and claimed

damages in this matter, inquiry concerning whether Plaintiffs have engaged an expert to assist in damages calculation and the identity of the expert is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Angignon*, 2009 WL 10667097, at *3 ("Under either standard—relevance or exceptional circumstances—Defendant is entitled to know the identity of this one consulting expert [whose] identity is relevant to Defendant's affirmative defense[.]").

Additionally, Plaintiffs have not met their burden of establishing that the identity of any non-testifying expert they may have retained is protected by the attorney-client privilege. *See Bogle*, 332 F.3d 1358. The attorney-client privilege protects confidential communications between an attorney and client for the purpose of securing legal advice or assistance. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994). Plaintiffs argue in their response that the identity of non-testifying experts is protected by the attorney-client privilege because Defendant's questions "seek[] to intrude into communications between Mr. Kaleta and his counsel[.]" (Dkt. 41 at 3–4.) However, Plaintiffs have not identified any confidential communications that would be disclosed by answering Defendant's limited questions, and the court therefore finds that Plaintiffs have not met their burden to establish that the privilege applies. *See, e.g.*, *Kassem v. Martin*, No. 5:15-cv-623-Oc-30PRL, 2017 WL 6512549, at *3 (M.D. Fla. Dec. 20, 2017) ("Plaintiff has failed to meet her burden to show that Plaintiff's communications with Imbriglio were subject to attorney-client privilege, and thus, any information she received is not protected as she was not a part

of her litigation team."); *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (the attorney-client privilege "is not all-inclusive and is, as a matter of law, construed narrowly so as not to exceed the means necessary to support the policy which it promotes") (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

Accordingly, Defendant may discover the identity of Plaintiffs' non-testifying retained experts, if any, through properly framed interrogatories. In propounding such interrogatories, Defendant is limited to asking for the identity of any experts that Plaintiffs have "retained or specially employed" to assist in damages calculations or analysis in this case, and may not inquire as to any experts informally consulted by Plaintiffs. *See* Fed. R. Civ. P. 26(b)(4), advisory committee's notes to 1970 amendment (Rule 26(b)(4)(D) "precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed."); *Weiner*, 76 F.R.D. at 628 (finding "no authority" to compel disclosure "with regard to experts who were not retained or specially employed" but compelling disclosure of the identity "as to those experts who will not be called at trial but who have been retained by plaintiffs").

### 3. Requests for Costs

The parties also request their costs incurred in connection with the Motion. (Dkts. 36, 41.) Federal Rule of Civil Procedure 37(a)(5) provides that a prevailing party on a motion to compel must be awarded its costs, including attorney's fees, in either bringing or defending the motion. Fed. R. Civ. P. 37(a)(5). However, the court

"must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Defendant is the prevailing party on the Motion. However, given the absence of binding Eleventh Circuit case law on this issue, the court finds that Plaintiffs' counsel's objection at Kaleta's deposition was substantially justified, and Defendant's request for costs is therefore denied.

Accordingly:

1. Defendant's Motion to Compel an Answer to a Deposition Question and for Costs (Dkt. 36) is **GRANTED in part**. Plaintiffs are directed to respond to any properly served interrogatories by Defendant seeking (1) whether Plaintiffs have retained or specially employed an expert to assist with damages calculations or analysis in this case; and (2) the identity of such experts, if any.

2. Defendant's request for costs is **DENIED**.

**ORDERED** in Tampa, Florida, on July 14, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record