UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, BALI HAI JV LLC, 3605 GULF DR LLC, 100 73RD LLC, 100 73RD 203A LLC and 100 73RD ST UNIT 202C LLC,

    Plaintiffs,

v.                                            Case No: 8:22-cv-2472-CEH-JSS

CITY OF HOLMES BEACH,

    Defendant.
_____/

## ORDER

Defendant moves to compel discovery responses from Plaintiff and for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37. (Motion, Dkt. 49.) Plaintiff Shawn Kaleta opposes the Motion. (Dkt. 53.) The court held a hearing on the Motion on August 10, 2023. (Dkt. 63.) Upon consideration and for the reasons stated during the hearing:

1. Defendant's Motion to Compel Discovery Responses (Dkt. 49) is **GRANTED in part** and **DENIED in part**.

2. With respect to Defendant's interrogatories regarding other properties owned or managed by Plaintiff Shawn Kaleta, Defendant's request is granted in part. Plaintiffs are directed to supplement their response to Interrogatory 1 of Defendant's Second Set of Interrogatories to include,

for the period from October 1, 2018 to the date of the interrogatory, the identity of each property or unit within the City of Holmes Beach in which Plaintiff Shawn T. Kaleta has held or presently holds an ownership interest, whether directly or through an interest in a corporate entity or trust.  The court finds this information to be proportional to the case and relevant to Defendant's asserted defense that Kaleta was not treated differently than other property owners in Holmes Beach.  *See, e.g.*, (Dkt. 11 ¶¶ 84–86 (alleging that "the City intentionally and arbitrarily treated Plaintiffs differently than other comparable property owners and/or developers" and "intentionally singled out Kaleta through the inequitable treatment and purposeful discrimination [through] the unequal application of its facially neutral Codes along with its unwritten customs, policies, and practices")); *see also PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285 (11th Cir. 2021) ("When presenting a class of one equal protection claim, a plaintiff . . . must show that it 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'") (citations omitted).  Defendant's request is otherwise denied.

3. Plaintiffs are directed to supplement their Federal Rule of Civil Procedure 26(a) disclosures for their loss of goodwill and reputation damages to include their profit and loss statements and tax returns from

- 3 -

    January 1, 2018 through the date of the damages claimed. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

4. Plaintiffs are directed to supplement their privilege log to include additional information regarding the documents produced in support of their claim to attorneys' fees. *See* Fed. R. Civ. P. 26(b)(5).

5. Plaintiffs' supplemental disclosures and responses as described herein are due on or before September 15, 2023.

6. Defendant's request for attorneys' fees and costs is denied.

**ORDERED** in Tampa, Florida, on August 16, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record