UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, BALI
HAI JV LLC, 3605 GULF DR LLC, 100
73RD LLC, 100 73RD 203A LLC and
100 73RD ST UNIT 202C LLC,

     Plaintiffs,

v.                                                                    Case No: 8:22-cv-2472-CEH-JSS

CITY OF HOLMES BEACH,

     Defendant.
_____/

## ORDER

Plaintiffs move to compel the depositions of non-parties Kim Rash and Jayne Christenson. (Motion, Dkt. 85.) Rash and Christenson are former City Commissioners of Defendant, the City of Holmes Beach. (*Id.*) Defendant objects to the depositions in part and requests reasonable topical and temporal limitations pursuant to the "apex doctrine" and Federal Rule of Civil Procedure 26(c). (Dkt. 89.) Rash and Christenson also made limited appearances in this matter to oppose the Motion in part. *See* (Dkts. 88, 89.) At the court's direction, the parties conferred, and Plaintiffs filed a reply proposing certain topical and temporal limitations on the depositions. (Dkt. 93.) The court held a hearing on the Motion on February 6, 2024. (Dkt. 95.) Upon consideration and for the reasons stated at the hearing:

1. Plaintiffs' Motion to Compel Depositions of Certain City Officials (Dkt. 85) is **GRANTED in part**.

2. The court finds the "apex doctrine" inapplicable to completely shield Rash and Christenson from the requested depositions. *See, e.g.*, *Kimberly Regenesis, LLC v. Lee Cnty.*, No. 2:19-cv-538-SPC-NPM, 2021 WL 5285093, at \*5–6 (M.D. Fla. Sept. 29, 2021), *modified,* 2021 WL 5028204 (M.D. Fla. Oct. 29, 2021) ("[T]his Court has refused to designate county commissioners as high-ranking government officials who are excused from providing testimony.") (citing *Tracy P. v. Sarasota Cnty.*, No. 8:05-cv-927-T-27EAJ (M.D. Fla. Oct. 25, 2006), ECF 88-2 at 5); *Giannerini v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-2075-RBD-LHP, 2024 WL 184252, at \*1 (M.D. Fla. Jan. 17, 2024) (rejecting application of apex doctrine to preclude deposition where deponent "was directly involved in the investigation into Plaintiff that is at issue in this case"). Nevertheless, the court will exercise its discretion under Federal Rule of Civil Procedure 26(c) to limit the requested depositions as stated during the hearing. *See Fla. v. United States*, 625 F. Supp. 3d 1242, 1249 (N.D. Fla. 2022); *Jernigan v. Scholastic, Inc.*, No. 6:17-cv-2039-Orl-37KRS, 2018 WL 11323497, at \*1 (M.D. Fla. Sept. 17, 2018) (rejecting application of apex doctrine and permitting deposition where scheduling of other

depositions could not be accomplished due to impending discovery deadline).

3.  Plaintiffs are permitted to conduct the depositions Kim Rash and Jayne Christenson limited to a duration of 3.5 hours each and restricted to the following topics:

    a.  Facts related to Plaintiff Shawn Kaleta or his businesses, including the specific items raised in the Amended Complaint (Dkt. 11) and pages 5 through 9 of Plaintiffs' Motion to Compel (Dkt. 85);

    b.  Interactions with other City officials, including but not limited to the Mayor and other Commissioners, related to Kaleta and/or his related entities and partners that are known to the deponent; and

    c.  The deponent's knowledge regarding the Cedar Cove Cottages, The Ugly Grouper, and those comparable entities listed in paragraphs 60 and 61 of the Amended Complaint (Dkt. 11).

**ORDERED** in Tampa, Florida, on February 8, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record